THIBODEAUX, Chief Judge,
dissenting.
11 Using the abuse of discretion standard as a shield, the majority affirms a thirty-year sentence without probation, parole, or suspension of sentence for a petty thief convicted of stealing $508.00 worth of merchandise. The value barely exceeded the monetary threshold for a misdemeanor. While I do not condone Defendant’s actions, the thirty-year sentence is constitutionally excessive.
By platitudinously giving deference, and sometimes reverence, to a trial court judgment under the rubric of “abuse of discretion,” appellate courts effectively transform a trial court into a court of last resort. This review process, which one author has called “automated verbiage or knee jerk terminology,” See Maurice Rosenberg, Judicial Discretion of the Trial Court, Viewed from, Above, 22 Syracuse L.Rev. 635, 659 (1970-1971), often immunizes trial court rulings and insulates them from in-depth review for the consequences flowing therefrom. Such is the case here.
Justice is blind, we are dutifully told. However, “such blindness does not include a state of insensitivity to that which is so obvious.” Trahan v. Superior Oil Co., 204 F.Supp. 627, 632 (W.D.La.1962), aff'd, 322 F.2d 234 (5th Cir.1963). What is so obvious is the imposition of a thirty-year sentence on this Defendant who has only one prior misdemeanor act of violence. While our system of review must respect some discretion, we must equally respect the notion that | fliscretio est discerniere per legen quid sit justum — unlimited discretion does not exist in law.
This case is a worthy example of one of the primary reasons behind the escalating growth of Louisiana’s prison industrial *1250 complex. Louisiana’s “loek-em-up and throw away the key” philosophy has spawned an incarceration industry unlike any other state or country. Our judiciary has in many ways fostered and perpetuated this economically unwise and, in some instances, inhumane practice. This madness must stop. Unfortunately, this case accentuates the madness.
According to the United States Department of Justice, Bureau of Vital Statistics, the United States has the highest incarceration rate in the world at 730 per 100,000 residents. Louisiana imprisons 1,619 people per 100,000 residents, or approximately 2.25 times the nation’s rate. The Louisiana Department of Corrections estimates that 1 in 54 Louisiana adults is serving time, nearly double the national average. Louisiana’s imprisonment rate is nearly three times Russia’s rate of 525 per 100,-000; five times Iran’s rate of 333 per 100,000; thirteen times China’s rate of 122 per 100,000; and twenty-six times Afghanistan’s rate of 62 per 100,000. The state nearest Louisiana’s incarceration rate is Mississippi with an incarceration rate of 686 per 100,000 residents.
Mr. Jackson was convicted of a nonviolent offense, theft. He is very similar to other Louisiana inmates. The Louisiana Department of Corrections and the United States Department of Justice, Bureau of Justice Statistics established that 64% of Louisiana inmates are serving time for drugs and other nonviolent offenses, like theft. The national average is 48%.
Since 1977, Louisiana’s incarceration rate has increased sixfold from 6,731 to 39,709. Since 1982, its rate has increased 272%, and Louisiana is one of five states that represent 50% of the prison growth nationally, despite a drop in lacrime rates from 1998-2008. See James M. LeBlanc, Louisiana Department of Public Safety and Comctions: Challenges and Solutions, Nov. 2010.[1]
Louisiana ranked twelfth in the nation in fiscal year 2007[2] in the percentage of general fund expenditures allocated to corrections-related activities. Its 7.5% exceeded the national average of 6.8%. The Pew Center on the States, One in 100: Behind Bars in America, 2008.
Given these daunting statistics, Defendant’s thirty-year sentence makes no meaningful contribution to acceptable goals of punishment, is nothing more than a needless imposition of punishment, and is a waste of scant economic and human resources. This case helps only to solidify Louisiana’s unflattering position as the poster child for imprisonment and as the incarceration capital of the world.
For the foregoing reasons, I respectfully dissent.

. Mr. LeBlanc is Secretary of the Louisiana Department of Public Safety & Corrections.

. The year 2007 represents the latest available figures.